# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.R.P. and A.R.C.**

**No. 22-0084** (Marion County 2021-FIG-21)

## MEMORANDUM DECISION

Petitioner Mother L.C. appeals the Circuit Court of Marion County's January 19, 2022, order denying her petition for appeal from a family court order appointing a guardian, Respondent S.T., for her minor children, and the circuit court's January 26, 2022, order denying her motion to stay the order granting the guardian appointment.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Petitioner and Respondent Father R.P. II are parents to two minor children. The children's paternal aunt, Respondent S.T., filed a petition seeking to be appointed guardian of those two children. The family court granted the guardian appointment but stayed the order granting that guardianship. Petitioner then appealed the family court's guardian appointment order to the circuit court, which affirmed the family court's order, finding that

> [f]or the reasons expressed by [Respondent S.T.'s counsel] and [Respondent R.P. II's guardian ad litem] in their clients' responses to the petition for appeal, this [c]ourt is of the opinion that none of the findings of fact made by the family court were "clearly erroneous," nor [was] the family court's application of the law to those facts an "abuse of discretion."

Following the circuit court's denial of her petition for appeal, petitioner sought to stay the guardianship pending appeal to this Court. The circuit court denied that motion on January 26, 2022, again incorporating reasoning from respondents' briefing as its basis for the denial.

---

[1] Petitioner appears by counsel Virginia Jackson Hopkins, and Respondent S.T. appears by counsel Clarissa M. Banks. Due to Respondent Father R.P. II's incarceration, he initially appeared by guardian ad litem Marci R. Carroll; however, her representation ended following his release from incarceration, and he filed no response brief with this Court. We note that initials are used where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

Petitioner now appeals the circuit court's January 19, 2022, order denying her appeal and its January 26, 2022, order denying her motion to stay.

Ordinarily, this Court's review would be guided by the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). But in this case, our review is hampered by petitioner's failure to include within the appendix record any relevant filings from the underlying proceedings.

Rule 7(d) of the West Virginia Rules of Appellate Procedure directs that a petitioner "shall prepare and file an appendix containing," among other items, "[t]he judgment or order appealed from, and all other orders applicable to the assignments of error on appeal;" "[p]leadings, motions, and other filings, if their sufficiency, content or form is in issue or material;" "[m]aterial excerpts from official transcripts of testimony or from documents in connection with a motion[;]" and "[o]ther parts of the record necessary for consideration of the appeal." The only filings from the family court proceeding included within the appendix record were two "Family Functioning Assessments" completed in 2018 for use in a separate custody proceeding involving the two children. Petitioner has not included Respondent S.T.'s petition to appoint a guardian, despite claiming that it was legally deficient. She has not included a recording of the hearing held by the family court on Respondent S.T.'s petition or the family court's order granting the guardian appointment, despite claiming error in the family court proceedings and rulings. And while petitioner appended to her notice of appeal the circuit court's orders affirming the family court's order and denying her motion to stay, she did not include them within her appendix record. Petitioner also failed to include the parties' briefing in the circuit court, which renders the circuit court's findings and conclusions unilluminating because the circuit court incorporated the reasoning found in respondents' briefing.

These failures are fatal to petitioner's claims. For purposes of this Court's review, if a fact does not appear in the appendix record, it is considered nonexistent. *See State v. Delorenzo*, --- W. Va. ---, 885 S.E.2d 645, 657 (2022) (citation omitted). And for this Court to reverse a judgment, error must "affirmatively appear[] from the record." *Id.* at Syl. Pt. 4, in part (quoting Syl. Pt. 2, in part, *In re Visitation of L.M.*, 245 W. Va. 328, 859 S.E.2d 271 (2021)). Consequently, having failed to provide this Court with materials affirmatively showing error below, there is no basis upon which to afford petitioner the relief to which she claims she is entitled. Simply put, "[e]rror will not be presumed, all presumptions being in favor of the correctness of the judgment." *Id.*

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 13, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice C. Haley Bunn

**DISSENTING:**

Justice William R. Wooton

Wooton, J., dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.